## (January 31, 1972)

■ VIOLETTE S. JACOBS et al., Respondents, v. CHEMICAL BANK OF NEW YORK TRUST CO., INC., et al., Appellants.— Order of the Supreme Court, New York County, entered on May 7, 1971, denying defendant Steele's motion and the defendant Chemical Bank of New York Trust Co., Inc.'s cross motion to dismiss for failure to prosecute, is reversed, on the law, on the facts and in the exercise of discretion, without costs and without disbursements, the motion and cross motion granted and the complaint dismissed. The plaintiff failed to heed the 45-day notice to timely file a note of issue. Moreover, plaintiff did not submit any justifiable excuse for the delay in prosecution and did not file an affidavit of merits. (CPLR 3126; Palm v. American Progressive Health Ins. Co., 34 A D 2d 629; Wertheimer v. J. B. Oil Serv. Corp., 36 A D 2d 584.) Several factors adverted to in the minority memorandum, namely, the nature of the injury, the experience of the Justice at Special Term and the suggestion of a malpractice action have no bearing on the decision at bar and should have no bearing. They are entirely irrelevant. Concur — Kupferman, McNally, Steuer and Capozzoli, JJ.; Nunez, J. P., dissents in the following memorandum: I would affirm. Plaintiff, Violette S. Jacobs, was most seriously injured allegedly due to defendants' negligence. She is being denied her day in court by the majority, in my opinion, wrongfully. In so doing, they are reversing an understanding, experienced and learned Justice at Special Term, who properly refused to nonsuit plaintiffs on defendants' disputed contention that plaintiffs' attorney neglected to serve and file a note of issue within 45 days after service of a demand therefor. Plaintiffs' counsel claims that he

served and filed the note of issue within the 45-day period. The note of issue was in fact served and filed. Plaintiffs' counsel did not attempt to either justify the delay or show merit because he contends that he addressed himself to the sole issue, i.e., compliance with the 45-day rule. This court is now dismissing the complaint without giving plaintiffs an opportunity to (1) establish at an evidentiary hearing that they served and filed their note of issue timely, or (2) move to vacate the dismissal upon a showing of a justifiable excuse for delay and a meritorious cause of action. Nor will the dismissal of this case help in reducing the caseload of the court, for there is now a judicial finding that plaintiffs' lawyer has been negligent, thus inviting a malpractice action against him. In the eyes of the public the lawyers and the Judges are, as one, in complete charge of the administration of justice. No distinction is made between them. Indeed, these plaintiffs can correctly proclaim that they were denied justice by the lawyers and the Judges.